FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, an Iowa corporation,<br><br>                Plaintiff,<br><br>      v.<br><br>AMPLICON EXPRESS INC., a Washington corporation,<br><br>                Defendant. | No.   2:19-cv-00341-SMJ<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court, without oral argument, is Plaintiff Continental Western Insurance Company's motion for summary judgment or, in the alternative, default judgment, ECF No. 17. Plaintiff seeks entry of a declaratory judgment that it owes no duty to defend Defendant Amplicon Express, Inc., to whom it sold liability insurance, in a dispute involving the release of hazardous substances by Defendant. *Id.* Despite being properly served, Defendant has neither answered the Complaint nor responded to Plaintiff's motion. As such, and in view of the ongoing prejudice that would result from Plaintiff continuing to defend Defendant under a reservation of rights until this matter is resolved, the Court finds default judgment appropriate and grants Plaintiff's motion.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 1

## BACKGROUND

This action for declaratory relief arises out of a commercial general liability insurance policy Plaintiff issued to Defendant. *See* ECF No. 1-3 at 1–56 (insurance policy). According to Plaintiff, Defendant operates a molecular biology laboratory in Pullman, Washington, where it leases space from Washington State University ("WSU"). ECF No. 17 at 3. In early 2019, hazardous substances allegedly escaped from Defendant's laboratory into a neighboring tenant's facility, resulting in property damage and lost revenues. *Id.* at 3–6. As a result, both the neighboring tenant and WSU demanded compensation and threatened legal action (the "underlying dispute"). *Id.* Although no legal action has been brought, Plaintiff has appointed counsel to assist Defendant. ECF No. 18 at 2.

On October 9, 2019, Plaintiff brought suit in this Court, seeking a declaratory judgment that it owes no duty to defend Defendant because none of the claims at issue in the underlying dispute fall within the coverages provided by Plaintiff's policy. *See* ECF No. 1; ECF No. 17 at 10–19. Plaintiff served Defendant's registered agent with a Summons and the Complaint on October 14, 2019. ECF No. 8. Defendant did not appear or otherwise respond to the Complaint, and on January 15, 2020, Plaintiff sought default judgment. *See* ECF No. 6. On March 13, 2020, the Court denied Plaintiff's motion because it had not sought entry of an order of default from the Clerk's Office. ECF No. 11 (citing LCivR 55). Plaintiff

then sought and obtained a Clerk's Order of Default against Defendant. ECF Nos. 13, 15.

Plaintiff now seeks summary judgment that it owes Defendant no duty to defend against the threatened legal action in the underlying dispute. ECF No. 17. Plaintiff also renews its motion for entry of default judgment. *See id.* at 2, 7–9. Defendant still has not filed an answer or otherwise responded to Plaintiff's Complaint, and counsel has not appeared on its behalf.

## LEGAL STANDARD

Entry of default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Where possible, cases should be resolved on their merits, and the entry of default judgment is an extreme measure reserved for unusual circumstances. *Westchester Fire Ins. Co. v. Mendez,* 585 F.3d 1183, 1189 (9th Cir. 2009) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). In evaluating the propriety of default judgment, the Court is guided by seven non-exclusive factors:

> (1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court assumes the

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 3

facts alleged in the complaint are true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## DISCUSSION

Having reviewed the motion and the record in this matter in light of the *Eitel* factors, the Court is fully informed and finds that entry of default judgment is appropriate in this case. First, the Court is persuaded that refusing to enter default judgment would prejudice Plaintiff. *See Eitel*, 782 F.2d at 1471–72. Plaintiff represents that in an abundance of caution it has appointed counsel to assist Defendant in the underlying dispute, notwithstanding Plaintiff's position that the claims at issue in that dispute are not covered under the policy it issued to Defendant. *See* ECF No. 18 at 2. Such action is consistent with Plaintiff's duty of good faith under Washington law. *Osborne Constr. Co. v. Zurich Am. Ins. Co.*, 356 F. Supp. 3d 1085, 1091 (W.D. Wash. 2018) ("If the insurer remains uncertain [concerning its duty to defend], the insurer must provide a defense under a reservation of rights while seeking a declaratory judgment that it has no duty to defend." (citing *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 282 (Wash. 2002))). But it is also a costly measure—one in which Plaintiff must continue until it secures a judgment in this case absolving it of continued responsibility to represent Defendant. *See id.* As such, the Court finds denying Plaintiff's motion for default judgment would result in prejudice both now and on

a continuing basis, and thus this factor weighs heavily in favor of default judgment.

Second, the Court is satisfied based on a review of the record that Plaintiff's claim is meritorious. *See Eitel*, 782 F.2d at 1471–72. The policy Plaintiff issued to Defendant excludes from coverage any property damage or personal injury arising by virtue of "the actual, alleged or threatened discharge, . . . release or escape of 'pollutants.'" ECF No. 1-3 at 10, 39–40. The policy defines "pollutants" to include "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." *Id.* at 22. Taking the allegations in the Complaint as true, the claims in the threatened lawsuit and various demand letters in the underlying dispute arise out of the release of hazardous chemicals from Defendant's laboratory space and would thus appear to fall squarely within the pollution policy exclusion. *See* ECF No. 18 at 5–28. The Court's view of the merits is, of course, limited by Defendant's non-appearance and the resultant one-sided nature of the evidence. Even so, the Court concludes, based on the record before it, that Plaintiff's claim is meritorious. This factor therefore also weighs in favor of default judgment. *See Eitel*, 782 F.2d at 1471–72.

Next, the Court considers the sum of money at stake in the action. *See Eitel*, 782 F.2d at 1471–72. While Plaintiff seeks only declaratory judgment in this matter—and thus entry of default judgment would not directly result in a monetary award—the Court is cognizant that default judgment will almost certainly result in

Plaintiff no longer representing Defendant in the underlying dispute. This outcome could result in costs associated with both the continued defense of that matter and any eventual judgment or settlement. Thus, although this factor weighs against default judgment, its weight is tempered.

Next, the Court must consider whether there is a possibility of a dispute over the material facts in this matter. *See Eitel*, 782 F.2d at 1471–72. On the record before the Court, the issue of coverage for the underlying dispute seems clear-cut. *See* ECF No. 1-3 at 10, 39–40; ECF No. 18 at 5–28. However, the Court notes that record is provided entirely by Plaintiff and thus, there is some possibility that discovery would produce evidence to muddy the waters concerning coverage, and this factor weighs somewhat against entry of default judgment. Even so, given the contractual nature of the suit and the evidence submitted by Plaintiff to establish the facts of the underlying dispute, the effect of this factor in the Court's analysis is also tempered.

The Court next considers the possibility that Defendant's default was due to excusable neglect. *See Eitel*, 782 F.2d at 1471–72. There is no excusable neglect where a defendant is "properly served with the complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal Nov. 2, 2001). Plaintiff served Defendant's registered agent with the Summons and

Complaint in this matter, *see* ECF No. 8, with notice of Plaintiff's earlier motion for default judgment, *see* ECF No. 9, and with Plaintiff's motion for entry of default by the Clerk of Court, *see* ECF No. 13. As such, the Court finds there is no excusable neglect for Defendant's failure to respond, and thus this factor weighs in favor of default judgment.

Finally, the Court considers the strong preference, expressed in the Federal Rules of Civil Procedure, for resolution of claims on the merits. *See Eitel*, 782 F.2d at 1471–72; *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Although this factor "almost always disfavors the entry of default judgment," it is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C009-1585JLR, 2011 WL 1584434, at *6 (W.D. Wash. Apr. 27, 2011). That strong preference notwithstanding, the Court finds this is an appropriate case for entry of default judgment. This matter has been pending since late 2019; Defendant has had ample opportunity to appear and defend against the merits of Plaintiff's claims. Because further delaying judgment would result in continuing prejudice to Plaintiff—whose only recourse under Washington law for relief from its duty to defend is obtaining judgment in a case such as this one—and because the merits of Plaintiff's claim appear strong, the Court finds entry of default judgment appropriate. Because the Court finds entry of default judgment warranted, it declines to evaluate the merits of Plaintiff's motion for summary judgment. *See* ECF No. 17 at 9–19.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Continental Western Insurance Company's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. The Clerk's Office is directed to **ENTER DEFAULT JUDGMENT** in favor of Plaintiff.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and to Defendant at its last known address, and thereafter to **CLOSE** this file.

**DATED** this 4th day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge